UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21421-CIV-KING/BANDSTRA

JOAN ANDRE,

    Plaintiff,

vs.

CCB CREDIT SERVICES, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the court on Defendant's Verified Motion for Attorney's Fees [D.E. 23] filed on May 17, 2010. On May 18, 2010, this motion was referred to United States Magistrate Judge Ted E. Bandstra by the Honorable James Lawrence King for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Having carefully considered the motion, the response and reply thereto, the court file, and applicable law, the undersigned recommends that Defendant's Verified Motion for Attorney's Fees be DENIED.

## BACKGROUND

On May 26, 2009, Joan Andre ("plaintiff"), filed a complaint against CCB Credit Services, Inc. ("defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a). Plaintiff alleged that defendant violated the FDCPA by placing three to four collection calls to her per day; calling from a blocked number and failing to identify themselves; using abusive and profane language with plaintiff's fourteen year old daughter while informing her that plaintiff violated the

law; threatening to contact the Department of Children and Families to have plaintiff's foster children removed and have child support payments stopped; and by advising plaintiff that she violated the law by failing to pay her debts. On the same day, plaintiff filed an identical complaint against Hannah & Associates, a separate and distinct collection agency.

On March 8, 2010, defendant filed a motion for summary judgment arguing that plaintiff's deposition was devoid of any facts which supported the allegations in her complaint and that plaintiff failed to provide evidence that the underlying debt was a "consumer debt" as defined by the FDCPA. On April 16, 2010, this Court granted defendant's motion for summary judgment finding that plaintiff failed to present evidence demonstrating that defendant was responsible for the calls at issue. Thus, the Court found that there was no evidence in the record to support the allegations in plaintiff's complaint.

On May 17, 2010, defendant filed a verified motion for attorney's fees seeking $9,711.82[1] against plaintiff and her counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1927 arguing that plaintiff unreasonably and vexatiously multiplied the proceedings in this case by filing identical complaints against two different defendants on the same day. Finally, defendant also argues that it is entitled to attorney's fees under 15 U.S.C. § 1692(k) because the plaintiff's complaint was filed in bad faith and for purposes of harassment.

Plaintiff and her counsel oppose the motion on all grounds asserting that sanctions are not warranted because the proceedings were not multiplied and plaintiff's attorney did not act

---

[1] Defendant in its motion on page 16 initially requests $9,958.82, however, on page 17 modifies the request and seeks $9,711.82. Additionally, the itemized statements attached as Exhibit 3 to its motion evidences $9,692.82 in fees. The undersigned does not address these discrepancies in light of the recommendation that no fees be awarded.

unreasonably or vexatiously. Specifically, plaintiff argues that sanctions should not be imposed because, contrary to defendant's position, plaintiff's deposition did not evidence that the complaint was filed in bad faith and for the purpose of harassment.

## FINDINGS AND CONCLUSIONS

### I. Fed.R.Civ.P. 11

By signing a pleading, motion, or other paper presented to the court, an attorney certifies that the claim asserted is neither frivolous nor brought for an improper purpose. Fed.R.Civ.P. 11(b). If a party violates that certification a court may impose sanctions. Fed. R. Civ. P. 11(c). Rule 11 sanctions may be imposed against an attorney or a client. *See Byrne v. Nezhat*, 261 F.3d 1075, 1120 (11th Cir. 2001).

In deciding whether Rule 11 sanctions should be imposed on an attorney, the court must determine (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous. *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001). Assuming the first prong is satisfied, the second test focuses on whether the attorney should have been aware that the claims were frivolous, "that is, whether he would have been aware had he made a reasonable inquiry." *Benavides v. Miami Altanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1238 (S.D. Fla. 2008). In determining whether an attorney made a reasonable inquiry, the Eleventh Circuit recognizes that a factor to consider is whether the attorney had to rely on the client to establish the underlying facts. *See Donaldson v. Clark*, 819 F.2d 551, 1556 (11th Cir. 1987). The Court must focus on what the attorney knew prior to filing the papers. *Benavides*, 612 F. Supp. 2d at 1239 (citing *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1507 (11th Cir. 1993)).

Here, the undersigned finds that Rule 11 sanctions against plaintiff's counsel are

unwarranted. The record is devoid of any evidence to establish that plaintiff's counsel was aware that this claim was frivolous at the time he signed the complaint. Plaintiff informed her attorney that defendant's representatives called her in a manner consistent with a violation of the FDCPA. In reliance on that information, plaintiff's attorney filed a complaint in which plaintiff verified that all of the information contained therein was accurate and true. [D.E. 27]. *See Benavides*, 612 F. Supp. 2d at 1239. The undersigned finds that plaintiff's attorney did all the necessary investigation and did not know that the plaintiff's claims were frivolous or without factual basis when he signed the complaint. Accordingly, the undersigned recommends that the request to impose Rule 11 sanctions on counsel be denied.

The Eleventh Circuit recognizes that Rule 11 sanctions may be imposed against a client under certain circumstances. However, the rule does not permit sanctioning a client on the basis that the pleading was legally frivolous. *See Byrne*, 261 F.3d at 1120. Sanctions are typically levied against a client when he/she misrepresents facts in the pleadings. *Id.* In this instance, the undersigned finds that Rule 11 sanctions against plaintiff are likewise unwarranted. The record does not show that plaintiff misrepresented facts in her complaint. Thus, Rule 11 sanctions should not be imposed against her. Defendant argues that plaintiff's inability to recall specific facts at her deposition demonstrates frivolousness. The undersigned finds no support for this conclusory argument. In fact, plaintiff testified that three to four calls a day were received from defendant making it unreasonable to recall specific facts about each call without her notes. The fact that summary judgment was granted and that plaintiff was ultimately unable to establish a prima facie case does not establish that sanctions are warranted. Rather, after carefully reviewing plaintiff's deposition and her affidavit filed in response to this motion, the undersigned finds that defendant has

Case 1:09-cv-21421-JLK   Document 35   Entered on FLSD Docket 07/21/2010   Page 5 of 7

failed to establish its entitlement to Rule 11 sanctions against her.

## II. 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, the Court may award attorney's fees where an attorney unreasonably and vexatiously multiplies the proceedings in the case. The statute states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Before awarding sanctions under § 1927, the Court must find that (1) the attorney engaged in unreasonable and vexatious conduct; (2) this conduct multiplied the proceedings; and (3) the requested sanction does not exceed the costs occasioned by the objectionable conduct. *See Peterson v. IBM Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). The first condition is met only where the attorney's conduct is so egregious that it is tantamount to bad faith. *See Hudson v. International Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007). A finding of bad faith is warranted where the attorney "knowingly or recklessly pursue[s] a frivolous claim" and turns on an attorney's objective conduct rather than his subjective intent. *Hudson*, 499 F.3d at 1262; *see also Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). The power to impose sanctions under § 1927 should be exercised "only in instances of a serious and studied disregard for the orderly processes of justice." *Smartt v. First Union Nat'l Bank*, 245 F. Supp. 2d 1229, 1235 (M.D. Fla. 2003). Also, sanctions under § 1927 are penal in nature so that the statute must be strictly construed. *Roper v. Edwards*, 815 F.2d 1474, 1478 (11th Cir. 1987).

Applying this criteria, the undersigned finds that plaintiff's counsel did not act in bad faith.

Defendant argues that plaintiff's complaint was frivolous and multiplied the proceedings since two distinct cases were filed against two different creditors. However, defendant offers no evidence to support a finding of bad faith. The record only shows that plaintiff's attorney, relying on information provided by this client, filed a complaint against defendant which was subsequently dismissed on summary judgment. Standing alone, this information is insufficient to establish bad faith on the part of plaintiff's attorney. *See Conner v. BCC Financial Management Services, Inc.* 597 F. Supp. 2d 1299, 1309 (S.D. Fla. 2008)(recognizing that a defendant's entitlement to summary judgment does not provide a basis for a finding of bad faith.) Accordingly, the undersigned recommends that the request for sanctions under 28 U.S.C. § 1927 be denied.

### III. 15 U.S.C. § 1692(k) (FDCPA)

The FDCPA provides, "on a finding that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." *See* 15 U.S.C. § 1692(k)(a)(3). Thus, to award sanctions under § 1692(k), the Court must find that plaintiff or her attorney filed the complaint in bad faith *and* for the purpose of harassing the defendant. *See Conner v. BCC Financial Management Services*, 597 F. Supp. 2d 1299, 1308 (S.D. Fla. 2008). Once again, the fact that defendant was entitled to summary judgment does not in and of itself provide the basis for such a finding. *Id.*

Reviewing the record here, the undersigned finds that § 1692(k) sanctions against plaintiff or her counsel are unwarranted. The record is devoid of any evidence that plaintiff or her attorney filed the complaint to harass defendant. Defendant argues that the filing of an identical complaint against another credit company somehow establishes bad faith or harassment. The undersigned finds that this fact alone fails to establish the necessary evidence to warrant sanctions. Certainly, the

conclusion that both companies may have violated plaintiff's rights in reference to two separate accounts is equally plausible. The Court also finds relevant that subsequent to defendant filing its motion for summary judgment plaintiff voluntarily withdrew certain of her claims under the FDCPA. The voluntary withdrawal of these claims further supports plaintiff's argument that sanctions for multiplying the proceedings, bad faith, or harassment are unwarranted. As such, the undersigned recommends that the request for sanctions pursuant to § 1692(k) should be denied as well.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Defendant's Verified Motion for Attorney's Fees be DENIED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt. *See* 28 U.S.C. § 636(b)(1)(c); *United States v. Warren*, 687 F.2d 347 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983); and *Hardin v. Wainwright*, 678 F.2d 589 (5th Cir. Unit B 1982); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED in Chambers, at Miami, Florida this 21st day of July, 2010.

                                                               Ted E. Bandstra
                                                           United States Magistrate Judge

Copies furnished to:

Honorable James Lawrence King
Counsel of record